IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| 3D MEDICAL IMAGING SYSTEMS, LLC.,<br><br>              Plaintiff,<br><br>   v.<br><br>VISAGE IMAGING, INC., and PRO MEDICUS LIMITED,<br><br>              Defendants. | CIVIL ACTION FILE<br><br>NO. 2:14-cv-00267-RWS<br><br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANTS VISAGE IMAGING, INC.'S AND PRO MEDICUS LIMITED'S *EMERGENCY* MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING REGARDING DEFENDANTS' MOTION FOR STAY PENDING REEXAMINATION**

Pursuant to Local Rule 7.2B, Defendants Visage Imaging, Inc. and Pro Medicus Limited (collectively, "Defendants" or "Visage Imaging") submit this Brief in support of their *Emergency* Motion to Stay Discovery Pending the Court's Ruling Regarding Defendants' Motion for Stay Pending Reexamination of the '655 patent by the United States Patent and Trademark Office ("PTO").[1]

---

[1] For ease of reference, Defendants' Brief in support of that motion (DI 32-1) is attached as Exhibit 1 to the Declaration of M. Andrew Woodmansee in Support of *Emergency* Motion ("Woodmansee Decl.").

1

sd-656463

## I. INTRODUCTION

In an apparent effort to accelerate discovery and other deadlines, Plaintiff served discovery requests on Defendants the *first moment* Plaintiff was permitted to do so under the local rules. (*See* DI 28 (serving discovery requests the same day that the parties' initial disclosures were filed.) Plaintiff also filed its infringement contentions that same day—nearly a month before the contentions were due under the local rules. (DI 27.) In light of a pending *ex parte* request for reexamination of the patent-in-suit, Defendants asked Plaintiffs to stay the deadlines to respond to Plaintiff's discovery requests and submit non-infringement and invalidity contentions until the Court rules on Defendant's motion to stay this case.[2] Plaintiff rejected the request. ("Woodmansee Decl." ¶¶ 4-5.)

Without relief from the Court, Defendants must respond to Plaintiff's requests for discovery, and serve non-infringement and invalidity contentions by February 23, 2015—even though doing so is highly likely to prove to be a waste of resources in light of the anticipated Patent and Trademark Office ("PTO") proceedings. Moreover, since fact discovery will not close until September 18, 2015, Plaintiff will not suffer any prejudice from a brief stay of discovery and contention deadlines while the Court considers Defendants' underlying motion to

---

[2] The *ex parte* request was submitted to the PTO by the law firm of SCI-LAW STRATEGIES, PC on December 24, 2014.

stay the case in its entirety.  In the event the Court denies Defendants' underlying stay motion, Defendants commit to providing discovery responses and non-infringement and invalidity contentions within three weeks of that ruling.

On the other hand, Defendants will be prejudiced if the Court does not stay the deadlines.  Absent a brief stay of these dates, Defendants will be forced to spend considerable time and resources responding to the discovery requests and finalizing their contentions.  Completing these tasks will require the assistance of Defendants' executives and key employees, causing considerable disruption to their business.  As described below, statistics from the PTO demonstrate the likelihood that the PTO's reexamination of the '655 patent will change and possibly cancel the asserted patent claims.  It makes little sense to force Defendants to expend significant effort and expense to respond to discovery requests and provide contentions—all drawn towards patent claims that may be canceled or amended following reexamination.

## II. ARGUMENT

It seems Plaintiff took immediate action to serve discovery requests and its infringement contentions in this case (and subsequently refused to stay those dates) because Defendants had been candid with Plaintiff regarding their intention to file a Motion for Stay Pending Reexamination after the PTO ruled on an *ex parte*

request for reexamination of the patent-in-suit. (Woodmansee Decl. ¶ 3.) By serving Defendants with these requests and filing its contentions so early in the litigation—particularly before the PTO took action on Defendants' reexamination request—Plaintiff may now attempt to oppose Defendants' motion by arguing that substantial work and discovery already have been completed. But the mere service of discovery requests should not alter the Court's analysis in determining whether to grant Defendants' motion to stay this case.

As outlined in Defendants' Motion for Stay Pending Reexamination (filed concurrently herewith), a stay is appropriate regardless of whether the PTO has acted on the request for reexamination. *See Unibind Ltd. v. Provo Craft & Novelty, Inc.*, No. 1:08-CV-3713-ODE, 2009 U.S. Dist. LEXIS 131907, at *7-8 (N.D. Ga. Mar. 2, 2009) (granting a stay even before the PTO granted the reexamination request). Although Defendants had planned on filing the motion to stay after the PTO had taken action, Defendants decided the time was ripe—especially in light of the upcoming motion deadline in this case (as set forth in section 7 of the Parties' Joint Preliminary Report and Discovery Plan), and the fact that the PTO is likely to take action on the *ex parte* request very soon.[3]

---

[3] A stay is also appropriate regardless of whether Defendants have responded to the discovery and contentions served by Plaintiff on January 21, 2015. *See Grayling Indus., Inc. v.*

4

On the other hand, requiring Defendants to respond to these early requests and to prepare their contentions in the face of the likely PTO reexamination is likely to be a waste of resources. As outlined in Defendants' motion for a stay pending reexamination, "[c]ourts routinely issue stays pending the outcome of reexamination proceedings, particularly in cases where the litigants have not made substantial progress towards trial." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011) (internal quotations omitted); *Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q. 2d 1633, 1635 (S.D.N.Y. 2000).

Moreover, statistics indicate that 92 % of all requests for reexamination are granted, and 78% of those granted result in either cancellation or changes to claims. (Woodmansee Decl. ¶ 6.) Given the merits of Defendants' underlying stay motion (*see generally* Woodmansee Decl. at Ex. 1), and the high likelihood that the claims of the asserted patent will be cancelled or materially altered, it makes little sense for Defendants to respond to the discovery responses and non-infringement and invalidity contentions at this time. Given that the PTO's own statistics demonstrate that the claims almost certainly will change, setting forth positions on non-infringement and invalidity (which necessarily depend on claim

---

*GPAC, Inc.*, 19 U.S.P.Q.2d 1872, 1873 (N.D. Ga. 1991) (recognizing a stay could be beneficial even in the late stages of a case).

5

construction) will be moot if and when the scope of the claims change during reexamination. Indeed, such circumstances may prejudice Defendants down the road in this litigation. If Defendants are compelled to provide non-infringement and invalidity contentions now—when the patent claims are highly likely to change in light of the PTO proceedings—then Plaintiff could attempt to use the premature contentions (drawn to claims that have been mooted by subsequent amendments) to contradict Defendants' final contentions. There is no need to expose Defendants to that risk of prejudice, particularly when Plaintiff will suffer no prejudice from this brief stay.

It would be far more efficient for the Court and parties to await the expert opinion of the Patent Office before requiring Defendants to respond to discovery and file their non-infringement and invalidity contentions. Nonetheless, due to the timeline set up by Plaintiff, these efficiencies will be wasted unless the Court grants this emergency motion to stay the deadlines to serve discovery responses, and non-infringement and invalidity contentions, pending a decision on Defendants' motion to stay the case pending reexamination.

### III. CONCLUSION

For the above reasons, Defendants ask the Court to grant their *Emergency* Motion to Stay Discovery Pending the Court's Ruling Regarding Defendants' Motion for Reexamination.

Date: February 11, 2015          VAUGHAN & MURPHY

/s/ Charles C. Murphy, Jr.
Charles C. Murphy, Jr.
Georgia Bar No. 530062
Email: CMurphy@vaughanandmurphy.com
260 Peachtree Street, Suite 1600
Atlanta, Georgia 30303
Telephone: (404) 577-6550
Facsimile:  (404) 577-0060

MORRISON & FOERSTER LLP
M. Andrew Woodmansee (*Pro Hac Vice*)
California Bar No. 201780
Email: MAWoodmansee@mofo.com
Jessica Anne Roberts (*Pro Hac Vice*)
California Bar No. 265570
Email: JRoberts@mofo.com
Dean Seif Atyia (*Pro Hac Vice*)
California Bar No. 298615
Email: DAtyia@mofo.com
12531 High Bluff Drive
San Diego, California  92130
Telephone: (858) 720-5100
Facsimile:  (858) 720-5125

Attorneys for Defendants VISAGE IMAGING, INC., and PRO MEDICUS LIMITED