IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| 3D MEDICAL IMAGING SYSTEMS, LLC., <br><br> Plaintiff, <br> v. <br><br> VISAGE IMAGING, INC., and, PRO MEDICUS LIMITED, <br><br> Defendants <br><br> v. <br><br> 3D MEDICAL IMAGING SYSTEMS, LLC., MEDFLEX, LLC and MAURICE BAILEY <br><br> Counterclaim Defendants | CASE NO. 2:14-cv-00267-RWS |

## STIPULATED MOTION TO AMEND THE CASE SCHEDULE

Plaintiff 3D Medical Imaging Systems, Inc. ("3D Medical"), MedFlex LLC ("MedFlex") and Mr. Maurice Bailey, and Defendants Visage Imaging, Inc. ("Visage") and Pro Medicus Limited ("Pro Medicus") submit this stipulated motion to amend the case Scheduling Order (Dkt 51), based on the good cause described below. In short, a disputed legal issue has surfaced that could be case dispositive of 3D Medical's patent claims against Visage and Pro Medicus, if resolved in the latter's favor. Given the high cost of patent litigation, both parties agree that it is prudent to

1

preserve court resources (*e.g.*, impending *Markman* proceedings, including a court hearing) and party resources (substantial time and money) by first resolving this issue if the Court is so inclined.  The disputed issue is also an impediment to settlement discussions.

1. This is a patent infringement case in which 3D Medical has accused Visage and Pro Medicus of infringing U.S. Patent No. 6,175,655 ("the '655 patent").

2. In the course of discovery in the action, Visage learned certain facts which prompted it, on March 2, 2016 to file counterclaims of inequitable conduct, bad faith assertions of patent infringement under OCGA § 10-1-770 *et seq.*, Deceptive Trade Practices under OCGA § 10-1-370, *et seq.*, and attorney's fees under 35 U.S.C. § 285 (Dkt 62), and to add MedFlex and Mr. Bailey to the suit.

3. Under the applicable rules, the counter-claim defendants' response to the counterclaims is due on March 28, 2016.

4. The counter-claim defendants anticipate moving to dismiss some or all of the counter-claims, and Visage anticipates cross-moving for summary judgment, at least as to the inequitable conduct counterclaim. The reason that both parties would be cross-moving is the issue underlying the dispute is essentially legal, namely whether the revival and reinstatement of the patent-in-suit in this case constitutes inequitable conduct.

5. The issue of inequitable conduct could be case dispositive of 3D

Medical's patent claims because a finding of inequitable conduct would render the asserted patent unenforceable.  The parties believe it makes sense to resolve this issue before spending substantial additional time and resources on other aspects of the case.

6. The parties have discussed the issue in good faith and believe the inequitable conduct issue is ripe for adjudication by the Court.

7. The inequitable conduct issue presented here does not require claim construction, nor does it require the Court to make any technological assessment of the patent or prior art, as is so often the case with inequitable conduct allegations. The parties believe that, while the issue is disputed, it should not be difficult for the Court to resolve the pending legal issue.

8. The parties were in the process of preparing opening claim construction briefs when the issues alleged in the counterclaims arose in discovery.  To minimize delay in the event that the Court determines inequitable conduct is not shown, the parties have agreed to file opening *Markman* briefs 30 days after completion of briefing on the inequitable conduct issue, and to delay filing responsive *Markman* briefs until 21 days after the Court rules on inequitable conduct.  The parties believe that this compromise minimizes delay, while potentially avoiding fees and costs.

9. For these reasons, the parties request that the Court amend the Scheduling Order as follows:

| *Event* | *Due Date* |
|---|---|
| All Counterclaim Defendants' response to the Counterclaims | April 8, 2016 |
| Opening Claim Construction Briefs | 30 days after the last brief is filed addressing the sufficiency of the counterclaims or summary judgement as it relates to the counterclaim of inequitable conduct |
| Responsive Claim Construction Brief | 21 days after this Court enters a ruling on the counterclaim of inequitable conduct |
| *Markman* Claim Construction Hearing | To be determined by the Court |
| *Markman* Claim Construction Ruling | To be determined by the Court |
| Discovery of Opinion of Counsel Materials | 15 days after *Markman* ruling, or 15 days after a finding of inequitable conduct if intended to be offered to rebut a claim of exceptional case and fees under Section 285 |
| Close of Fact Discovery | 45 days after the *Markman* ruling; discovery on matters unrelated to the counterclaims is stayed until resolution of the inequitable conduct counterclaim or further order of the Court |
| Initial disclosure of experts and expert reports on issues on which party bears burden of proof | 30 days after close of fact discovery |
| Initial disclosure of experts and expert reports on issues on which opposing party bears burden of proof | 33 days after first round of expert disclosures |
| Rebuttal expert disclosures due | 13 days after second round of expert disclosures |
| Expert deposition period opens | 10 days after rebuttal expert reports |
| Expert deposition period closes | 30 days after expert deposition period opens |
| Summary judgment motions | 20 days after expert deposition period closes |
| Consolidated Pretrial Order | 30 days after close of expert deposition period, or if later, ruling on summary judgment motion |
| *Daubert* motions to exclude expert testimony | 30 days after close of expert deposition period, or if later, ruling on summary judgment motion |

Dated: March 9th, 2016                                  Respectfully submitted,

By: /s/ Daniel A. Kent                                  By: /s/ Kara R. Fussner
Daniel A. Kent                                          Rudolph A. Telscher, Jr.*
Georgia Bar Number 415110                               email:  rtelscher@hdp.com
dankent@kentrisley.com                                  Kara R. Fussner*
KENT & RISLEY LLC                                       email:  kfussner@hdp.com
555 N Point Ctr E Ste 400                               Greg W. Meyer*
Alpharetta, GA 30022                                    email:  gmeyer@hdp.com
Tel: (404) 585-4214                                     HARNESS, DICKEY & PIERCE, P.L.C.
Fax: (404) 829-2412                                     7700 Bonhomme, Suite 400
                                                        St. Louis, MO  63105
                                                        Telephone:  314-726-7500
*Attorney for Plaintiff Counterclaim*                   Facsimile:  314-726-7501
*Defendant 3D Medical Imaging*                          *\*Pro Hac Vice*
*Systems, LLC and Counterclaim*
*Defendants Medflex, LLC and*                           /s/ Charles C. Murphy, Jr.
*Maurice Bailey*                                        Charles C. Murphy, Jr.
                                                        Georgia Bar No. 530062
                                                        Email: CMurphy@vaughanandmurphy.com
                                                        260 Peachtree Street, Suite 1600
                                                        Atlanta, Georgia 30303
                                                        Telephone: (404) 577-6550
                                                        Facsimile: (404) 577-0060

                                                        *Attorneys for Defendants Visage Imaging,*
                                                        *Inc. and Pro Medicus Limited*

## **COMPLIANCE CERTIFICATE PURSUANT TO LR 7.1**

Pursuant to LR 7.ID, this is to certify that the foregoing Stipulated Motion to Stay and Amend Aspects of the Case complies with the font and point selections approved by the Court in LR 5.1C. Undersigned counsel further certifies that this document was prepared using Times New Roman font, 14 point.

/s/ Kara R. Fussner

## CERTIFICATE OF SERVICE

I hereby certify that I have made due and legal service of the foregoing Stipulated Motion to Amend Case Schedule was served upon all parties by filing same with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

Daniel Arthur Kent
Kent & Risley LLC
555 N. Point Ctr. E., Suite 400
Alpharetta, GA 30022
Telephone: 404-585-4214
Facsimile: 404-829-2412
Attorney for Plaintiff


Attorney for Plaintiff


    This, the 9th day of March, 2016.


    /s/ Kara R. Fussner